# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

**JONATHAN ALLEN,**

      **Petitioner,**

**v.**                                       **Case No. 5:20-cv-00296**

**WARDEN D.L. YOUNG,**

      **Respondent.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

On April 22, 2020, Petitioner, who is incarcerated at the Federal Correctional Institution at Beckley, in Beaver, West Virginia, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). However, Petitioner did not pay the applicable $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs at that time. On April 28, 2020, the Clerk issued a Notice of Failure to Remit Filing Fee (ECF No. 2), which directed Petitioner to either pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs within 10 days. Petitioner failed to do either.

Thus, on August 7, 2020, the undersigned entered an Order and Notice directing Petitioner to either pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs ("Application") by August 21, 2020. (ECF No. 4). He was further advised that the failure to comply with the Order and Notice would result in the undersigned's recommendation that this matter be dismissed for failure to prosecute

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  As of today's date, Petitioner has not complied with the undersigned's Order and Notice.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).  "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).  Such is the case here.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to prosecute this civil action.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

September 16, 2020

Dwane L. Tinsley
United States Magistrate Judge

3